UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HENRY BRANDON,<br><br>     Plaintiff,<br><br>v.<br><br>LVMPD, *et al.*,<br><br>     Defendants. | Case No.: 2:20-cv-00464-RFB-DJA<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant's Motion for Pre-Filing Restrictions (ECF No. 44), filed on July 28, 2020. Plaintiff filed a Response (ECF No. 54) on August 13, 2020, under seal. Defendant filed a Reply (ECF No. 56) on August 20, 2020. The Court finds this matter to be properly resolved without a hearing. LR 78-1.

**I.     BACKGROUND**

Defendant seeks to deem Plaintiff a vexatious litigant and bar him from making additional filings in this case until the Court rules on its pending motion to dismiss. It highlights that Plaintiff's initial complaint failed to include any federal claims, which he then filed multiple amended complaints without seeking leave of the Court. Defendant also underscores that Plaintiff has filed a dozen or more motions that do not contain valid requests for relief along with duplicates and voluminous supplements. Plaintiff responds with a sealed filing that is largely nonsensical and does not set forth any understandable opposition to Defendant's request. Defendant replies that since the filing of the instant Motion, Plaintiff has filed three new motions, an unauthorized surreply, a memorandum, and a second supplement. Therefore, Defendant requests that he be barred from future filings in this case without seeking prior leave from the Court or Defendant be relieved of the obligation to respond to his serial filings unless needed to by the Court.

## II. DISCUSSION

A district court has the "inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 165l(a)). Because a pre-filing order implicates a litigant's right of access to the courts, the court should enter such an extreme remedy "only after a cautious review of the pertinent circumstances." *Id*. Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *Id*. (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id*. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.'" *Id*. at 1059 (quoting *De Long*, 912 F.2d at 1147). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148.

To determine whether the litigant's conduct is frivolous or harassing, the court evaluates "both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id*. (quotation omitted). A pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Id*. (quotation omitted). Whether to enter a pre-filing order against a vexatious litigant lies within the court's discretion. *Id*. at 1056. The court should examine five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Williams v. Nat'l Default Servicing Corp*., 2017 U.S. Dist. LEXIS 4111, at 12-14 (D. Nev. Jan. 10, 2017) (citing *Molski v. Mandarin Touch Rest*., 347 F.Supp.2d 860, 863-64 (C.D. Cal. 2004)).

"No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). Plaintiff does not have a good faith motive in pursuing this frivolous litigation and he has abused the judicial process by filing a lawsuit that is likely to be dismissed. Indeed, he has filed five different complaints and about seventeen motions in this case since its short history of being open, most of which have been denied and found to be meritless. Moreover, Plaintiff has shown an utter disregard for the Federal Rules of Civil Procedure and this Court's own Local Rules. He has failed to cite to the correct standards in his requests for relief and largely lacked any citation to relevant law. Plaintiff's actions have posed an unnecessary burden on this Court and are a vexatious abuse of the judicial process. Given his actions over the past month, Plaintiff is likely to continue his abuse of the judicial process. Requiring Plaintiff to seek leave prior to filing new documents in this case is narrowly tailored because he will still have access to this Court by requesting leave.

Moreover, Plaintiff has been provided with reasonable notice and an opportunity to oppose the pre-filing restrictive order through the briefing process. He responded with a sealed filing that is not accompanied by any motion to seal as required by the Local Rules and does not appear to contain any information or documents that would warrant it remaining sealed. As such, the Court will order it unsealed. Plaintiff has not set forth any grounds for the Court to decline to impose pre-filing restrictions as outlined above. However, he will be provided with one more opportunity to oppose the Court's recommendation via the objection process.

**III.   CONCLUSION**

**ORDER**

**IT IS HEREBY ORDERED** that Plaintiff's Response (ECF No. 54) be **unsealed**.

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for Pre-Filing Restrictions (ECF No. 44) be **granted** and Plaintiff be deemed a **vexatious litigant**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be required to seek leave of the Court before making any additional filings in this action while Defendant's Motion to Dismiss (ECF No. 20) is pending.

# NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: August 21, 2020.

_____
Daniel J. Albregts
United States Magistrate Judge